IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:23-cr-00044-03

JAIESHA KEYSHARA MORRIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Early Termination of Probation* (Document 210), wherein she asks the Court to terminate her term of probation. The motion indicates that both Probation and the United States oppose the motion indicating that the Defendant has not been on probation for a sufficient period.

Pursuant to 18 U.S.C. §3564(c), the Court may terminate a term of probation and discharge a defendant after the expiration of one year of probation. The Court may terminate the term of probation after considering the factors set forth in 18 U.S.C. §3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. §3564(c).

On January 18, 2024, the Court imposed a sentence of 3 years of probation as a result of the Defendant's plea of guilty to distribution of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1). Ms. Morris' conviction stems from her delivery of a controlled substance to a codefendant at the request of and on behalf of her significant other, who was also a codefendant. She has been serving her term of probation since her sentencing in

2024. Ms. Miller requests that the Court terminate her term of probation early due to her satisfactory conduct and the interest of justice. She also states that being removed from probation will allow her to "move on and continue her life unencumbered." (Document 210).

In support of her motion, Ms. Morris contends that she is a "reformed person," has been compliant with probation conditions, and has been moved to the lowest level of supervision (Document 210). Ms. Morris also discusses several positive achievements and lifestyle changes that have occurred while she has been on probation. She finished coursework to become a certified nursing assistant and works at Charleston Healthcare Center, completed therapy, has formal custody and care of her younger sister, and has strengthened relationships with her extended family. Further, Ms. Morris argues that deterrence in this case has already occurred through her arrest and guilty plea, that she does not fit the profile of a career offender, and does not need further treatment.

While the Court recognizes that Ms. Morris has taken steps towards rehabilitation, the Court finds that she is not an appropriate candidate for early termination of probation at this stage. Ms. Morris was convicted of a serious offense, has completed only one year of a three-year term of probation, which sentence was a downward variance. Remaining on probation will provide Ms. Morris with resources and support to ensure that she continues to be successful in her rehabilitative efforts. Continued supervision through probation will deter Ms. Morris from committing additional offenses and will also avoid unwarranted sentence disparities among defendants convicted of similar conduct. Thus, a review of the 3553(a) factors does not support early release at this time.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Early Termination of Probation* (Document 210) be **DENIED**. The

Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    April 2, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA