**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           CRIMINAL ACTION NO. 2:23-cr-00044-03

JAIESHA KEYSHARA MORRIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Early Termination of Probation* (Document 220), wherein she asks the Court to terminate her term of probation. Neither Probation nor the United States oppose the motion.

Pursuant to 18 U.S.C. §3564(c), the Court may terminate a term of probation and discharge a defendant after the expiration of one year of probation. If such circumstances exist, the Court can terminate the term after considering the factors set forth in 18 U.S.C. § 3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3564(c).

On January 18, 2024, the Court imposed a sentence of 3 years of probation as a result of the Defendant's plea of guilty to distribution of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1). Ms. Morris' conviction stems from her delivery of an illicit controlled substance to a co-Defendant on behalf of her significant other. She has been serving her term of probation since her sentencing in 2024. Ms. Morris filed her first motion for early termination of probation on March 31, 2025. This Court denied the motion in a

*Memorandum Opinion and Order* (Document 211) issued on April 2, 2025, finding that early termination was not warranted due to her having completed only one year of probation. Now having served more than two (2) years on probation, Ms. Morris again requests that the Court terminate her term of probation early due to her satisfactory conduct and in the interest of justice.

In support of her motion, Ms. Morris asserts that while many of her circumstances have remained the same since filing her initial motion, those circumstances demonstrate that supervision is no longer necessary. She indicates that during more than two years of probation, she has demonstrated that she is a "reformed person," has been compliant with probation conditions, and has been moved to the lowest level of supervision. (*Id.*) Ms. Morris also discusses several positive achievements and lifestyle changes that have occurred while she has been on probation. She finished coursework to become a certified nursing assistant and works at Charleston Healthcare Center, completed therapy, has taken formal custody and care of her younger sister, and strengthened relationships with her extended family. Further, Ms. Morris argues that deterrence in this case has occurred through her arrest and guilty plea, that she does not fit the profile of a career offender, and that she does not need further treatment.

After considering the applicable § 3553(a) factors. the Court finds that the Defendant's conduct and the interest of justice warrant early termination of her probation. It has been over two years since the Defendant began serving her 3-year sentence of probation, and during that time she has complied with the conditions of release, has been placed on the lowest level of supervision, and has demonstrated a commitment to maintaining a law-abiding lifestyle.

In addition to her lifestyle changes, as well as her lack of other criminal history, her placement on the lowest level of supervision and her continued compliance demonstrate that she

is no longer a threat to the public and reflect that probation is no longer necessary to serve as a deterrence.

Wherefore, after thorough review and careful consideration, the Court Orders that the Defendant's *Motion for Early Termination of Probation* (Document 220) be **GRANTED** and that she be released from supervision effective immediately.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        March 20, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA